Dear Mr. Rorison:
Your request asks that this office reconsider our previously issued opinion number 88-165. In that opinion we stated that a physician could not lawfully designate a nurse or other subordinate "to dispense, or label medications or maintain prescription files" and that "only a practitioner may dispense prescription drugs to a patient or client."
Upon reconsideration we find that the result reached in Opinion Number 88-165 was well reasoned and plainly correct. The issue involved was whether or not a physician had to personally label medications and maintain prescription files concerning drugs, chemicals or medications sold and or dispensed by them or could that physician delegate those duties to a nurse while remaining responsible for their performance. The statute in question is La. R.S. 37:1204 A, which carves out an exception to the Louisiana Pharmacy Act, La. R.S. 37:1171 et seq.
That statute allows a licensed physician, dentist or veterinarian to personally dispense prescription drugs to a patient or client as an exception to the Pharmacy Act which reserves that right to licensed Pharmacists. La. R.S. 37:1204 A is reproduced below with the 1985 amendments underlined,
 "Nothing contained in this Chapter shall prevent any registered practitioner of medicine, dentistry, or veterinary medicine from compounding, dispensing, administering to, or supplying his patients with the necessary drugs and medicines for their use; however, the Louisiana State Board of Medical Examiners, the Louisiana State Board of Dentistry, and the State Board of Veterinary Medicine Examiners shall require practitioners to label medications and maintain prescription files concerning drugs, chemicals, or medications sold and/or dispensed by them with the exception of bona fide samples dispensed at no cost. Nothing herein shall authorize the Louisiana Board of Pharmacy to have access to the patient medical records maintained in the private office of a physician."
That amendment mandated the State Boards of Medicine, Dentistry and Veterinary Medicine to require that their practitioners perform the acts set out therein. The Act does not indicate to our office that the legislature intended to allow physicians to delegate these tasks to a nurse. If clarification or amplification of this act is desired it will have to come from the legislature by way of amendment, not our office.
A copy of Opinion Number 88-165 is attached to this opinion for reference and it's through analysis of the issue presented.
We hope the foregoing has been helpful and remain,
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: JAMES M. ROSS Assistant Attorney General